IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CITY OF SAN ANTONIO, et al., | § § § | |
| *Plaintiffs* | § | SA-20-CV-0255-XR |
| v. | § § § | |
| UNITED STATES OF AMERICA, et al., | § § § | |
| *Defendants.* | § | |

## ORDER DENYING TEMPORARY RESTRAINING ORDER

On this day the Court considered Plaintiffs' motion for temporary restraining order.[1]

**I.   Background**

The novel coronavirus, now designated COVID-19, was first detected in December 2019 and was soon thereafter designated as a Public Health Emergency of International Concern by the World Health Organization. The Centers for Disease Control and Prevention ("CDC") identified several secure locations within the United States where United States nationals were transported from Wuhan City, China, where COVID-19 was first detected. One of those designated locations is Joint Base San Antonio-Lackland ("Lackland") in San Antonio, Texas.

On February 7, 91 Americans arrived at Lackland after being evacuated from Wuhan (Cohort 1). The CDC evacuated 144 passengers from the Diamond Princess cruise ship docked in Japan, and they arrived at Lackland on February 17 (Cohort 2). Those persons quarantined at Lackland—and some in local hospitals—are in zero-pressure facilities with staff following established CDC protocol. To date, ten persons at Lackland have tested positive for the virus. One

---

[1] Although Plaintiffs' motion was filed as *ex parte*, Defendants received notice of the motion and participated in the hearing/telephonic conference held on March 2, 2020.

person from Cohort 1 tested negative on two tests and was released from quarantine according to CDC protocol. After her release, additional results came back for a specimen collected during her quarantine, this time showing a positive for COVID-19.[2] This person has been returned to quarantine at Lackland.

Approximately 132 persons in Cohort 2 who have *not* exhibited signs or tested positive for COVID-19 are scheduled to be released from quarantine on March 2, 2020—the date Plaintiffs filed this motion. According to Plaintiffs, these persons are scheduled to be transported to the San Antonio International Airport, area hotels, and rental car facilities to return to their communities.

## II. Legal Standard

"The grant of injunctive relief is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). A preliminary injunction is one such remedy that can only be granted if the movant demonstrates by a clear showing: (1) substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not undermine the public interest. *Id.* at 1051.

## III. Application

The Court first finds it questionable whether it has subject matter jurisdiction. Assuming, arguendo, that this Court does indeed have such jurisdiction—under either the Administrative Procedures Act and/or 42 U.S.C. § 264—the Court finds that Plaintiffs have not shown a substantial likelihood of success on the merits. The Surgeon General of the United States and the

---

[2] According to the Director of the CDC, in a letter provided to the Court, the CDC has subsequently modified its protocol whereby persons are not released from quarantine (1) until after two sequential negative tests within twenty-four hours, and (2) if there are any pending tests results.

Secretary of Health and Human Services are authorized to make and enforce such regulations as in their judgment are necessary to prevent the transmission or spread of communicable diseases. 42 U.S.C. § 264(a). In this case, they have determined that two negative tests (twenty-four hours apart) and/or quarantine for fourteen days is sufficient to prevent transmission or spread of COVID-19. This Court has no authority to second-guess those determinations even though the Court also shares the concerns expressed by the Plaintiffs.

Defendants take the position that the State of Texas, Bexar County, and/or the City of San Antonio (through its emergency-declaration powers), may have the authority to issue their own quarantine orders. The United States Government is, in effect, washing its own hands further of this quarantine. This is disappointing.  Nonetheless, Plaintiffs' motion for a temporary restraining order is DENIED.

It is so ORDERED.

SIGNED this 2nd day of March, 2020.

_____
XAVIER  RODRIGUEZ
UNITED STATES DISTRICT JUDGE